IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>JOSEPH FEHSENFELD,<br><br>      Debtor. | Chapter 11<br><br>Bankruptcy No. 12-14158<br><br>Judge Carol A. Doyle |

## **NOTICE OF MOTION**

PLEASE TAKE NOTICE that on **August 20, 2014, at 10:00 a.m.** the undersigned shall appear before the Honorable Carol A. Doyle, or any judge sitting in her stead in Courtroom 742 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, and then and there shall present the **Reorganized Debtor's Motion for Entry of Final Decree and to Close Bankruptcy Case**, a copy of which is attached hereto and herewith served upon you.

Dated: August 7, 2014

**JOSEPH FEHSENFELD**

/s/ William J. Factor____
One of His Attorneys

William J. Factor (6205675)
Sara E. Lorber (6229740)
**THE LAW OFFICE OF**
    **WILLIAM J. FACTOR, LTD.**
105 W. Madison St., Suite 1500
Chicago, Illinois 60602
Tel:    (847) 239-7248
Fax:    (847) 574-8233
Email: wfactor@wfactorlaw.com
       slorber@wfactorlaw.com

{00014682}

## CERTIFICATE OF SERVICE

I, William J. Factor, an attorney, hereby certify that, pursuant to Section II.B.4 of the

Administrative Procedures for the Case Management/Electronic Case Filing System and

Fed.R.Civ.P. 5(a), I caused copies of the Notice of Motion and accompanying motion to be

served on August 7, 2014 (1) electronically through the Court's Electronic Notice for Registrants

on the Registrants on the attached Service List, and (2) by U.S. Mail upon all creditors and

parties in interest, as identified on the attached Service List.


/s/ William J. Factor_____

## SERVICE LIST

### Registrants

- William J Factor wfactor@wfactorlaw.com,
  wfactorlaw@gmail.com;gsullivan@wfactorlaw.com;gsullivan@ecf.inforuptcy.com;wfactor@ecf.inforuptcy.com
- Joel P Fonferko ND-Two@il.cslegal.com
- David Paul Holtkamp dholtkamp@wfactorlaw.com; gsullivan@wfactorlaw.com; dholtkamp@ecf.inforuptcy.com
- Patrick S Layng USTPRegion11.ES.ECF@usdoj.gov
- Justin M. Newman jnewman@fieldandgoldberg.com

### Non-Registrants

Centrust Bank
385 Waukegan Road
Northbrook, IL 60062-1230

American Express Centurion Bank
c/o Becket and Lee LLP
POB 3001
Malvern, PA 19355-0701

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Department of the Treasury
Internal Revenue Service
PO Box 7346
Philadelphia PA 19101-7346

(NICOR) Northern Illinois Gas
Attention Bankruptcy & Collections
PO Box 549
Aurora IL 60507-0549

MPCS, Inc.
401k Profit Sharing Plan
38 Fountain Square Plaza MD1090R8
Cincinnati, OH 45263-0001

Barrington Bank and Trust
202 South Cook
Barrington, IL 60010-4369

Bank Of America
Attention: Recovery Department
4161 Peidmont Pkwy
Greensboro, NC 27410-8110

GMAC Mortgage
Codilis & Associates, P.C.
 15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527-6921

Citibank Mc/bc
One Court Square
Long Island, NY 11120-0001

GMAC Mortgage, LLC as servicer for, US
Bank NA
 c/o Codilis & Associates, P.C.
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527-6921

James Martell
8430 West Bryn Mawr
Suite 400
Chicago, IL 60631-3407

Bank of America, N.A.
450 American St.
Simi Valley, CA 93065-6285

American Express American Express Special
Research
Po Box 981540
El Paso, TX 79998-1540

Credit Prt. Association
Attn: Bankruptcy
Po Box 802068
Dallas, TX 75380-2068

Barrington Bank & Trust
202 South Cook
Barrington, IL 60010-4369

John Larkin
233 S. Wacker Drive
Chicago, IL 60606-7147

GMAC Mortgage
3451 Hammond Ave.
P.O. Box 780
Waterloo, IA 50704-0780

Patrick S Layng
Office of the U.S. Trustee,
Region 11
219 S Dearborn St Room 873
Chicago, IL 60604-2027

Nicor Gas
Attention: Bankruptcy Department
Po Box 190
Aurora, IL 60507-0190

Barrington Bank & Trust
c/o Jay R. Goldberg Field and Goldberg, LLC
10 South LaSalle Street
Suite 2910
Chicago, IL 60603-1056

The Bank Of New York Mellon fka The Bank
of New York, as Trustee
 c/o Bank Of America
MAIL STOP TX2-982-03-03 7105
CORPORATE DR., PTX-B-209
PLANO, TX 75024-4100

GMAC Mortgage, LLC as servicer for US
Bank
Attn: Bankruptcy 1100
Virginia Drive
Fort Washington, PA 19034-3204

Caine & Weiner
Po Box 5010
Woodland Hills, CA 91365-5010

Barrington Bank & Trust Company, N.A.
 201 S Hough St
Barrington, IL 60010-4364

BMO Harris Bank
Attention: Legal Service
 1100 W. Monroe 421 E
 Chicago, IL 60607-2507

Bank of America Home Loans
P.O. Box 941633
Simi Valley, CA 93094-1633

Wi Electric / Wi Energies
Attention: Bankruptcy A130
Po Box 2046
Milwaukee, WI 53201-2046

FIA CARD SERVICES, N.A.
Bank of America, N.A. and MBNA American
Bank N.A.
PO Box 15102
Wilmington, DE 19886-5102

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:

JOSEPH FEHSENFELD,

      Debtor.

Chapter 11

Bankruptcy No. 12-14158

Judge Carol A. Doyle

### REORANIZED DEBTOR'S MOTION FOR ENTRY
### OF FINAL DECREE AND TO CLOSE CASE

Joseph Fehsenfeld (the "*Reorganized Debtor*") hereby requests entry of an Order,

substantially in the form submitted herewith, entering a final decree and closing the above captioned

case (the "*Case*"), while retaining jurisdiction to reopen the case to enter a discharge upon the

debtor's fulfillment of his obligations under the confirmed plan of reorganization.  In support of this

motion, the Reorganized Debtor states as follows:

**I.**      **BACKGROUND**

1.      Joseph Fehsenfeld, the Reorganized Debtor, is an individual who owns and operates

Midwest Printed Circuit Services, an Illinois corporation in Round Lake Beach, Illinois.

2.      On April 6, 2012, the Reorganized Debtor filed a voluntary petition for relief under

Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*., thereby initiating the

Case.

3.      On January 30, 2013, the Court entered an order confirming the Debtor's Second

Amended Plan of Reorganization for Joseph Fehsenfeld Dated August 6, 2012 (the "*Plan*").  *See*

Dkt. No. 58.

4.      The Plan classified claims and interests into the following classes:

      a.  Unclassified Administrative  Claims;

{00014682}        2

b.   Unclassified Priority Tax Claims;

c.   Class 1 – Secured Claim of GMAC Related to Barrington Property;

d.   Class 2 – Delavan Property Secured Claims;

e.   Class 3 – Centrust Claims;

f.   Class 4 – Unsecured Claims;

g.   Class 5 – Deficiency Claims;

h.   Class 6 – IRS Claims; and

i.   Class 7 – Equity Interests.

5.   The Effective Date of the Plan occurred on February 15, 2013.[1] The Plan requires

that the Reorganized Debtor make the following payments or take the following actions

following the Effective Date:

| Type or Class of Claims | Creditors | Date of payment or treatment under the Plan | Payments or steps taken under the Plan |
|---|---|---|---|
| Unclassified Administrative Expense Claims | The Law Office of William J. Factor | Paid pursuant to agreement between claimant and Reorganized Debtor | Allowed claim paid in full |
| Unclassified Priority Tax Claims | Internal Revenue Service | Allowed claim paid with interest in 48 equal monthly installments commencing on April 1, 2013 and ending on April 1, 2017 | Reorganized Debtor has made all required monthly payments to date to the IRS |
| Class 1 | GMAC Barrington Bank | Barrington Property to be sold pursuant to 11 U.S.C. § 363 of the Bankruptcy Code. | Property sold pursuant to Court Order, dated May 29, 2014.  ECF No. 85 |

---

[1] Unless otherwise specified, all capitalized terms used herein shall have the meaning ascribed thereto in the Plan.

| Type or Class of Claims | Creditors | Date of payment or treatment under the Plan | Payments or steps taken under the Plan |
|---|---|---|---|
| Class 2 | The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for The Certificate holders of the CWALT, Inc., Alternative Loan Trust 2006-J2 Mortgage Pass-through Certificates, Series 2006-J2 ("*BONY*") | Allowed claim paid in full over time with interest, with monthly payments of $1,875 commencing on March 18, 2013, and a balloon payment due on February 15, 2028 | Reorganized Debtor has made all required monthly payments to date to BONY (and its assignee). |
| Class 3 | Centrust Bank | Centrust will retain any and all rights and remedies it has against the Reorganized Debtor and the Commercial Property under applicable law, except that Centrust Bank's mortgage on the Barrington Property is extinguished. | Commercial property was refinanced and Class 3 claim paid in full. |
| Class 4 | All Unsecured Claims other than Deficiency Claims | Payment from the Reorganized Debtor's Disposable Income over the two years following the Effective Date. | No payments required and none made. |
| Class 5 | Barrington Bank | Payment from the Reorganized Debtor's Disposable Income over the two years following the Effective Date. | No payments required under Plan because Barrington Bank made the Deficiency Election and treated as Class 1 claim. |
| Class 6 | Internal Revenue Service | Allowed claims to be paid with interest in 48 equal monthly installments commencing on April 1, 2013 and ending on April 1, 2017 | Paid in full. |
| Class 7 | Reorganized Debtor | The Reorganized Debtor to retain whatever Assets not otherwise provided for under the Plan. | The Reorganized Debtor has retained all Assets not otherwise provided for under the Plan. |

**RELIEF SOUGHT**

6.     By this motion, the Reorganized Debtor seeks the entry of a Final Decree and

Order closing this bankruptcy case.

**DISCUSSION**

7.     Bankruptcy Code section 350(a) provides that the court shall close a bankruptcy

case once it has been fully administered.  11 U.S.C. §350(a) ("After an estate is fully

administered ... the court shall close the case."). Bankruptcy Rule 3022 implements § 350(a) in

the context of a chapter 11 reorganization. Fed. R. Bankr. P. 3022 ("After an estate is fully

administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a

party in interest, shall enter a final decree closing the case.").

8.     The term "fully administered" is not defined in the Bankruptcy Code. "At one

extreme, an estate could be fully administered when a Chapter 11 plan is confirmed and the

estate dissolves.... At the other extreme, an estate can be fully administered when all that is

called for under a plan occurs." *In re Mold Makers, Inc*., 124 B.R. 766, 768 (Bankr. N.D. Ill.

1990). Several courts have held that a case is fully administered and may be closed even though

the reorganized debtor has not completed all payments to creditors.  *See e.g*., *In re D&L

Nicolaysen*, 228 B.R. 261 (Bankr.  E.D.  Ca.  1998); *In re Jay Bee Enterprises,   Inc.*, 207 B.R.

536, 539 (Bankr.  E.D.  Ky.  1997)  ("[Rule  3022]  does not require that a chapter 11 case be

kept open until all awarded fees and allowed claims have been paid in accordance with the

confirmed plan…").

9.     To assist courts in deciding whether a case is substantially administered, there are

six non-exclusive factors. *In re Rebel Rents, Inc*., 326 B.R. 791, 804 (Bankr. C.D. Cal. 2005);

*Jay Bee Enterprises, Inc*., 207 B.R. at 538. Not all of these factors need to exist before a court

may enter a final decree; these factors only serve as a guideline. *See e.g.*, *Mold Makers*, 124 B.R. at 768 (noting that all six factors need not be present; rather, a court uses the factors "as a guide in assisting . . . in its decision to close a case."). The six factors are: (a) whether the order confirming the plan has become final; (b) whether deposits required by the plan have been distributed; (c) whether the property proposed by the plan to be transferred has been transferred; (d) whether the debtor has assumed the business or management of the property dealt with by the plan; (e) whether payments under the plan have commenced; and (f) whether all motions, contested matters and adversary proceedings have been resolved.

10. Here, each of the applicable factors is satisfied and the Reorganized Debtor's case has been finally administered. Specifically, (a) the order confirming the Plan is final, (b) the Reorganized Debtor has assumed responsibility for the property to be dealt with under the Plan, (c) the payments thus far required by the Plan have been made, and (d) all motions, contested matters and adversary proceedings have been resolved.

11. In addition, all required statements have been filed and all quarterly payments to the Office of the United States Trustee have been made. Accordingly, a final decree should be entered and the Reorganized Debtor's bankruptcy case should be closed.

## <u>NOTICE</u>

12. Notice of this motion to (a) the United States Trustee, (b) all creditors in the case, (c) taxing authorities, and (d) all other parties in interest who have requested notice in this Case.

## <u>CONCLUSION</u>

WHEREFORE, the Reorganized Debtor respectfully requests that this Court enter an Order, substantially in the form submitted herewith: (a) authorizing the entry of a final decree closing this case pursuant 11 U.S.C. § 350(a) and Bankruptcy Rule 3022; (b) approving the notice provided; and (d) granting the Reorganized Debtor such other and further relief as may be appropriate.

Dated:  August 7, 2014

Respectfully submitted

JOSEPH FEHSENFELD


By: <u>s/ William J. Factor</u>
    One of His Attorneys

William J. Factor (6205675)
Sara E. Lorber (6229740)
**THE LAW OFFICE OF**
   **WILLIAM J. FACTOR, LTD.**
105 W. Madison St., Suite 1500
Chicago, Illinois 60602
Tel:    (847) 239-7248
Fax:    (847) 574-8233
Email: wfactor@wfactorlaw.com
     slorber@wfactorlaw.com